

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# USA v. Guzman

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3068

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Guzman" (2005). *2005 Decisions.* Paper 1014.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1014

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3068

———————

UNITED STATES OF AMERICA

v.

ROBINSON GUZMAN,
Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist Court No. 02-CR-00761)
District Court Judge: Hon. John C. Lifland

———————

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2004

Before: ALITO, BARRY, and FUENTES Circuit Judges.

( Filed: June 15, 2005)

———————

OPINION OF THE COURT

PER CURIAM:

The defendant in this case pled guilty to a one-count indictment that charged him with conspiring to distribute and to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846. The District Court sentenced the defendant to 120 months of imprisonment.

The defendant filed a pro se notice of appeal, and defense counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. Following the decision in United States v. Booker, 125 S.Ct. 738 (2005), we issued a per curiam opinion. We identified only one non-frivolous issue, namely, that the District Court had sentenced the defendant on the assumption that the Sentencing Guidelines were mandatory. We vacated the sentence imposed by the District Court and remanded for resentencing in accordance with Booker, and we denied counsel's motion to withdraw.

We later granted the government's petition for panel rehearing, and in light of the fact that the mandatory minimum sentence prescribed by statute for the offense for which the defendant was convicted is 10 years of imprisonment, see 21 U.S.C. §§ 841(b)(1)(A) and 846, we now conclude that the appeal does not present any non-frivolous issues. We thus dismiss the appeal and grant counsel's motion to withdraw.